**Charles MANN**

v.

**GEORGIA–PACIFIC CORPORATION and Jesse Riley.**

No. 86–1008.

United States District Court, E.D. Arkansas, El Dorado Division.

Aug. 27, 1986.

Jay Thomas Youngdahl, Youngdahl & Youngdahl, Little Rock, Ark., for plaintiff.

John D. Davis, Ramsey, Cox, Lile, Bridgeforth, Gilbert Harrelson, & Starling, Pine Bluff, Ark., for defendants.

## OPINION

OREN HARRIS, Senior District Judge.

Before the Court is a Motion For Reconsideration filed on behalf of defendants, Georgia-Pacific Corporation and Jesse Riley. Defendants request reconsideration of the Court's Order entered on July 28, 1986.

Plaintiff originally filed this complaint in the Circuit Court of Ashley County, Arkansas, on November 8, 1985. On January 20, 1986, defendants filed a Petition for Removal in the United States District Court for the Western District of Arkansas, El Dorado Division. After consideration of a Motion for Judgment on Pleadings filed by defendants, the Court entered an order on July 28, 1986, denying defendants' motion and vacating the Court's Order of May 21, 1986, thereby remanding this action to Ashley County Circuit Court.

Defendants allege that plaintiff's cause of action is a suit for violation of a collective bargaining agreement which can only be brought pursuant to § 301 of the Labor Management Relations Act. Plaintiff maintains that this is a state cause of action for intentional infliction of emotional distress caused by defendants' termination of plaintiff which is not preempted by federal law.

The question for this Court to determine is whether § 301 of the Labor Management Relations Act preempts a state-law tort action for intentional infliction of emotional distress. In *Allis Chalmers Corp. v. Lueck,* 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985), the United States Supreme Court stated:

> [W]hen resolution of a state-law claim is substantially dependent upon an analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as preempted by federal labor-contract law.

*Id.* 105 S.Ct. at 1916.

Plaintiff characterizes his claim against the defendants as one for intentional infliction of emotional distress caused by the defendants' termination of plaintiff. Plaintiff's employment with the company and his right to continued employment is governed by the collective bargaining agreement.

The plaintiff was employed by Georgia-Pacific in a bargaining unit represented by the International Woodworkers of America, Local 5–475. Plaintiff's employment with the company and his right to continued employment is governed by the collective bargaining agreement between the company and the union. The collective bargaining agreement contains a grievance and arbitration procedure for resolving all dis-

582

putes concerning the terms and conditions of plaintiff's employment.

It is apparent from a review of the above facts that the basis of plaintiff's claim, defendants termination of plaintiff's employment, is dependent upon the terms of the collective bargaining agreement. "[E]valuation of [plaintiff's] tort claim is inextricably intertwined with consideration of the terms of the labor contract. If the state tort law purports to define the meaning of the contract relationship, that law is preempted." *Allis Chalmers Corp. v. Lueck,* supra.

Furthermore, in order to state a claim under § 301, Labor Management Relations Act, a party must allege that he has exhausted the remedies available under the grievance procedure provided by the collective bargaining agreement. *Hines v. Anchor Motor Freight,* 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976).

There is no evidence that plaintiff has exhausted the remedies available to him through the arbitration and grievance provisions of the collective bargaining agreement. Plaintiff has failed to allege that the union has breached its duty of fair representation or that his employer has violated the union contract. Federal labor laws and the collective bargaining agreement, therefore, preclude plaintiff's common law claim. *Seid v. Pacific Bell,* 121 LRRM 2349 (S.D.Ca.1985).

After careful review and reconsideration of the pleadings of the parties and the record of the case as a whole, the Court is of the opinion that plaintiff's cause of action should be treated as a § 301 claim under the Labor Management Relations Act. The Court finds that defendants' motion is well taken and the Court's Order of July 28, 1986 should be vacated. Furthermore, the Court finds that plaintiff's failure to avail himself of the arbitration and grievance procedure provided in the collective bargaining agreement bars him from making this common law claim.

A separate judgment shall be entered contemporaneously herewith.